```
             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**CLINTON FRISCHENMEYER,**

                                Petitioner,

        v.                                                     CASE NO. 05-3421-SAC

**GARY W. KENDELL, et al.,**

                                Respondents.

### O R D E R

Before the court is a petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas.  The court has considered petitioner's limited financial resources, and grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Petitioner is currently serving a Kansas state sentence and is subject to a detainer imposed by the Warren County Sheriff's Department in Indianola, Iowa, based on an untried indictment. Petitioner alleges respondents violated his right to a speedy trial by failing to acknowledge petitioner's October 2003 filing under the Interstate Agreement on Detainers Act (IADA) of his request for final disposition of the Iowa charges, and seeks a dismissal of the Iowa charges.

Having reviewed the material submitted by petitioner, the court finds this action should be dismissed for the following reasons.

The petition, naming only Warren County Attorney Gary Kendell

and the Warren County District Court as respondents, is jurisdictionally defective because this court has no personal jurisdiction over these respondents.  Nor does petitioner name his present custodian, the LCF warden.  *See* 28 U.S.C. 2242 (a habeas petitioner is required to state "the name of the person who has custody over him").  *See also* Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995)(dismissing habeas petition not naming the petitioner's custodian).

Even if the petition were amended to cure this defect, dismissal would still be warranted because petitioner has not exhausted Iowa state court remedies on his speedy trial claim.  As in Knox v. State of Wyoming, 959 F.2d 866 (10th Cir. 1992), petitioner "merely seeks to litigate a federal defense to a criminal charge prematurely in federal court [and] no special circumstances excuse petitioner from the exhaustion requirement.  [The state issuing the detainer] should be allowed to resolve petitioner's federal claims in the first instance."  Id. at 868 (*citing* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-93 (1973)).  Petitioner does not allege the state remedies in Iowa are unavailable or ineffective, nor does he identify any impediment to seeking such relief in an Iowa state court.

Accordingly, notwithstanding petitioner's physical confinement in Kansas, a United States district court in Iowa has jurisdiction to issue a writ of habeas corpus to control the actions of Iowa officials if it determines petitioner is entitled to relief, *see* Braden, and petitioner should seek relief in that

federal court after first exhausting available remedies in the Iowa state courts.

The court thus concludes this matter should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 29th day of November 2005 at Topeka, Kansas.

                         s/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge